**UNITED STATES of America**

v.

**Rodney SMITH a/k/a Rodney Allen Harris**

**Rodney Smith, Appellant.**

**No. 08–2468.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2010.

Opinion Filed: Jan. 27, 2010.

---

Vicki J. Markovitz, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

David S. Rudenstein, Esq., Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge, BARRY and SMITH, Circuit Judges.

OPINION

BARRY, Circuit Judge.

A jury convicted Rodney Smith on two counts of being a felon in possession of a firearm, and the District Court sentenced him to 360 months imprisonment. We will affirm.

## I.

Because we write solely for the parties' benefit, we set forth only those facts necessary to our analysis.

On January 4, 2005, Philadelphia police officers witnessed Smith draw a gun and point it at another man with whom he was arguing. When police approached, Smith fled and, in so doing, tossed the gun aside. Ultimately, the police apprehended Smith and recovered the gun. Following his failure to appear for a September 2006 court proceeding related to those events, a bench warrant was issued for Smith's arrest.

On May 4, 2007, two uniformed patrol officers, aware of the outstanding bench warrant, recognized Smith. When the officers approached, Smith fled. During his flight, Smith drew a gun and pointed it at the officers. Smith continued to flee and, at some point during his flight, tripped and dropped the gun. Smith finally surrendered in a trash-filled alley, and police recovered the dropped gun.

Because a crowd was gathering, police quickly patted Smith down (seizing ammunition from his person) and placed him in Officer Robert Conway's patrol cruiser. Officer Conway transported Smith back to

headquarters where police found another gun in the cruiser's back seat. Officer Conway testified, and his patrol log confirmed, that prior to his shift he performed a standard sweep of the inside of his cruiser that uncovered no contraband and that Smith was the first person to be placed in his vehicle that shift.

At trial, Smith denied possessing a gun on either occasion. That testimony, however, directly contradicted his proffer in which he admitted to possessing all three guns, including the gun found in Officer Conway's cruiser. Indeed, at the proffer session, the only portion of the officers' version of the events with which Smith disagreed was whether he pointed his gun at the officers in May 2007.

The jury found Smith guilty on two counts of being a felon in possession in violation of 18 U.S.C. §§ 922(g) and 924(e). The jury specifically found that Smith possessed all three guns. Based on his offense level and prior criminal history, Smith was subject to a Guidelines range of 360 months to life imprisonment. The District Court sentenced him to 360 months.

## II.

### A.

With respect to his 2007 conduct, Smith contends that the prosecution failed to produce sufficient evidence demonstrating that he possessed the handgun found in Officer Conway's cruiser.[1] Specifically, Smith argues that because the firearm was recovered from the rear of the cruiser and not during his initial pat down, the prosecution failed to prove a sufficient "chain of custody." According to Smith, "anyone of dozens or hundreds of people could have thrown another weapon into the back seat." (Appellee Brief at 8.) This argument is both hyperbole and meritless.

As an initial matter, Smith does not dispute that he possessed and dropped a handgun recovered immediately after his flight. In and of itself, that possession (and the evidence presented with respect to it) is sufficient to satisfy the elements of 18 U.S.C. §§ 922(g) and 924(e), and supports his conviction. The possession of the second handgun is superfluous in terms of criminal culpability, although relevant for sentencing purposes.

■ But even were there any doubt on this score, Smith's contention fails. In reviewing a challenge to the sufficiency of the evidence, we "must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Lore*, 430 F.3d 190, 204 (3d Cir. 2005). A defendant's burden "is extremely high." *Id.* at 203. Here, Officer Conway testified that prior to his shift he inspected his cruiser for contraband and uncovered none. Smith was the first person placed in Officer Conway's cruiser during that shift, a fact confirmed by Officer Conway's patrol log. The jury could—and, presumably, did—credit Officer Conway's testimony over Smith's, and that testimony is sufficient to support the guilty verdict.[2]

---

1. Smith does not challenge the sufficiency of the evidence supporting the conviction related to his 2005 conduct.

2. Smith also challenges the imposition of a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) for his possession of three firearms. Because we find sufficient evidence of Smith's possession of a third firearm, we reject this contention without further discussion.

## B.

Smith next contends that the District Court improperly applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) based on his use of a firearm in connection with another felony offense and a six-level enhancement pursuant to U.S.S.G. § 3A1.2(c)(1) based on his creation of a substantial risk of serious bodily injury to the police officers by pointing his firearm at them as he fled.

We will not consider these contentions.[3] Smith's counsel stated that he "researched" both enhancements and, upon that review, withdrew any objection. Smith is foreclosed from raising those objections on appeal. *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 290–91 (3d Cir.2005).

## C.

█ Smith also challenges the District Court's application of an obstruction of justice enhancement. Pursuant to U.S.S.G. § 3C1.1, a two-level enhancement may be imposed where a "defendant willfully obstructed or impeded ... the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense, and ... [where] the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." Even had the Court improperly applied this enhancement, any error was harmless. Under the 2007 Sentencing Guidelines, Smith faced a Sentencing Guidelines range of 360 months to life imprisonment whether his offense level was a 38 or 40. Accordingly, any error would not have affected his Guidelines

range. *See United States v. Jimenez*, 513 F.3d 62, 87 (3d Cir.2008) (purported error in loss calculation harmless where no effect on Guidelines range).

## D.

█ Finally, Smith argues that his 360–month sentence was substantively unreasonable because his crimes did not involve violence. In so arguing, Smith ignores the seriousness of his crimes, the potential for substantial injury created by his offenses, and his alarming criminal history that includes violence, weapons offenses, and narcotics offenses. Accordingly, the District Court did not abuse its discretion in imposing a bottom-of-the-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)

## III.

For the reasons stated above, we will affirm the judgment of sentence.

---

**3.** We do reject his contention that application of these two enhancements was impermissible double counting. "[O]nly when the Guidelines explicitly prohibit double counting will it be impermissible to raise a defendant's offense level under one provision when another offense Guideline already takes into account the same conduct." *United States v. Fisher,* 502 F.3d 293, 309 (3d Cir.2007). Smith points to no such prohibition.