NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0873n.06

No. 13-5133

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 07, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| KEITH KEGLAR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM. Keith Keglar appeals his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm.

A jury convicted Keglar of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, Keglar objected to his classification as an armed career criminal, asserting in relevant part that a violation of the ACCA is a separate criminal offense and that, pursuant to the Due Process Clause, the predicate felony convictions must be included in the indictment and proven beyond a reasonable doubt. Concluding that the Supreme Court's and this court's precedent foreclosed Keglar's objection, the district court sentenced Keglar as an armed career criminal to 235 months of imprisonment.

We review *de novo* Keglar's constitutional challenge to his sentence. *See United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012). As the district court pointed out, this court has already "rejected the argument that the ACCA sentencing provision is a separate offense and that the government must plead in the indictment and prove beyond a reasonable doubt the predicate felonies." *United States v. McMurray*, 653 F.3d 367, 370 (6th Cir. 2011) (collecting cases holding that the ACCA is a sentence enhancement that does not need to be included in the indictment or proved beyond a reasonable doubt); *see also Anderson*, 695 F.3d at 398.

Keglar acknowledges that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction," *United States v. Martin*, 526 F.3d 926, 941 (6th Cir. 2008), but contends that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), supports his argument that his prior convictions should have been alleged in the indictment and found as facts by the jury at trial. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. But the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by *Almendarez-Torres*: "Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Id*. at 2160 n.1.

For the foregoing reasons, we affirm Keglar's sentence.