RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0111p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 13-3456

KEVIN A. DAVIS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:12-cr-00287-1—Christopher A. Boyko, District Judge.

Argued: March 14, 2014

Decided and Filed: May 28, 2014

Before: GRIFFIN, WHITE, and STRANCH, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Jennifer E. Schwartz, SCHWARTZ DOWNEY & CO., L.P.A., Cleveland, Ohio, for Appellant. Daniel R. Ranke, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jennifer E. Schwartz, SCHWARTZ DOWNEY & CO., L.P.A., Cleveland, Ohio, for Appellant. Daniel R. Ranke, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

GRIFFIN, Circuit Judge. Defendant Kevin Davis pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and two counts of possessing child pornography in violation of U.S.C. § 2252A(a)(5)(B). He now appeals his sentence, arguing that the district court erred when it concluded: (1) that defendant had a prior

1

offense that triggered statutory mandatory minimums for the instant offenses, and (2) that defendant was properly subject to a pattern-of-activity enhancement under the Sentencing Guidelines. For the reasons set forth below, we agree with defendant that the district court erred with regard to the statutory mandatory minimums and accordingly remand for resentencing consistent with this opinion. However, the district court did not err in imposing the pattern-of-activity enhancement.

I.

In mid-March 2012, defendant uploaded images to his Microsoft SkyDrive, a cloud-storage system. Some of the images were of nude minor boys, and others included nude minor boys engaged in sexually explicit conduct. Subsequently, defendant sent an email to others inviting them to access the images he had uploaded, which prompted Microsoft to alert law enforcement as to the content of defendant's SkyDrive. A search warrant was executed at defendant's home—recovered were CDs, VHS tapes, and photographs (digital and film-based) of minors who were nude and/or engaged in sexually explicit conduct. A grand jury returned an indictment on June 7, 2012, charging defendant with one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count I) and two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts II and III). Defendant pleaded guilty to all three counts on December 20, 2012.

As for Count I, a person convicted of distributing child pornography is subject to a mandatory minimum of five years' imprisonment and a maximum of twenty years' imprisonment unless the person "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children," in which case the minimum sentence is fifteen years' imprisonment to forty years' imprisonment. 18 U.S.C. § 2252(b)(1). As for Counts II and III, a person convicted of possessing child pornography is not subject to a mandatory minimum and is subject to a maximum of ten years' imprisonment, unless the person has a prior state-law conviction under the same criteria described in § 2252(b)(1), in which case the minimum sentence is ten years' imprisonment to twenty years' imprisonment. 18 U.S.C. § 2252A(b)(2).

The presentence report (PSR) found that defendant had "two or more separate instances of sexual abuse or sexual exploitation of a minor" and accordingly recommended a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to U.S.S.G. § 2G2.2(b)(5). Specifically, the PSR identified two state-level prior instances of conduct as justifying the enhancement: (1) a sexual battery conviction from Lake County, Ohio, in 1989; and (2) a 1996 arrest in Tennessee for aggravated sexual battery in Williamson County, Tennessee. The PSR also concluded that defendant was subject to a mandatory minimum sentence of fifteen years on the distribution count (Count I) and to a mandatory minimum sentence of ten years on the possession counts (Counts II and III). The PSR based its mandatory minimum conclusions on defendant's 1989 Ohio sexual battery conviction, his 1996 Tennessee aggravated sexual battery arrest, and a 2002 Lake County, Ohio, conviction of attempted pandering of obscenity involving a minor. Ultimately, the PSR calculated defendant's total offense level at 35, and defendant's criminal history at level V.

The district court held its sentencing hearing on March 25, 2013. The district court ultimately concluded that the 1989 sexual battery conviction did not trigger the mandatory minimums, but that the 2002 attempted pandering conviction did. Regarding the 1989 sexual battery conviction, the district court noted that none of the documents it was permitted to examine contained the victim's age, nor was the court convinced that it was permitted to take judicial notice of the victim's birth certificate under *Taylor*[1] or *Shepard*.[2] Regarding the 2002 attempted pandering conviction, the district court found: (1) that an attempted crime "relat[es] to" the types of crimes listed as triggering offenses in §§ 2252, 2252A; and (2) in the 2002 conviction, the state courts "made explicit findings" that defendant engaged in conduct that would trigger the mandatory minimums. The court summarized its conclusion as follows:

> [W]hen we look at those specific findings of the [state] Court, which I'm permitted to look at and consider . . . the Defendant's conviction for the attempted pandering . . . does trigger the enhancement.

---

[1]*Taylor v. United States*, 495 U.S. 575, 602 (2005).

[2]*United States v. Shepard*, 544 U.S. 13, 26 (2005).

Now, keep in mind that we only need one predicate offense for enhancements of both sections in all three counts. Doesn't have to be both the [1989] sexual battery and the [2002] attempted pandering . . . conviction.

So I find for the Defendant on the first conviction [1989 sexual battery] but I find for the Government on the second one [2002 attempted pandering]. And because I find for the government on the second one, we do have the mandatory minimums for Counts 1 and 2 and 3.

The district court then turned to the five-level pattern-of-activity enhancement. The court found that in defendant's written statement from the 1989 sexual battery case, he admitted to orally penetrating a minor male child "about ten times," which the district court characterized as a "pattern of activity that qualifies." Defendant objected to these findings, contending that the district court was required to rely on evidence that was "tested in court" and not on a confession.

Ultimately, the court imposed a sentence of 262 months' imprisonment on Count I, and 240 months on Counts II and III, to be served concurrently.

II.

We review sentences "for reasonableness, which, we have determined, has both procedural and substantive components." *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007) (citation and quotation marks omitted). Here, defendant challenges the procedural reasonableness of his sentence. A sentence is procedurally unreasonable if, among other things, the district court "fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Which standard of review applies to a defendant's challenge to the procedural reasonableness of a sentence depends on whether the defendant preserved that challenge for appeal. *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). We review preserved procedural-reasonableness challenges for an abuse of discretion, *United States v. Freeman*, 640 F.3d 180, 185–86 (6th Cir. 2011); *see also United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009), and unpreserved procedural-reasonableness challenges for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). Within this framework, our review of the district court's specific legal determinations—including whether a prior offense triggers a

mandatory minimum—is de novo, and our review of the district court's specific factual findings is for clear error.  *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011).

However, even if a procedural sentencing error occurs, that error is not subject to remand for resentencing if the error is harmless.  *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005).   Sentencing errors are harmless where this court is convinced that the "error at sentencing did not cause the defendant to receive a more severe sentence" than would have existed without the error.  *Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (citation omitted).

When determining whether a party has adequately preserved a claim for appeal, this court examines the record "with an eye to the realities of the facts and circumstances of each sentencing proceeding."  *United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012) (quotation marks omitted).

Regarding the mandatory minimums, defendant argues that he is entitled to relief under two Supreme Court cases:  *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013).  *Descamps* addressed permissible uses of court documents in deciding whether a defendant's prior conviction triggers a mandatory minimum.  *Descamps*, 133 S. Ct. at 2287–92.   By contrast, *Alleyne* addressed whether facts that increased the mandatory minimum sentence were required to be found by a jury, rather than a judge, extending the Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Alleyne*, 133 S. Ct. at 2155.  However, defendant's sole argument below with regard to the mandatory minimums was that neither his 1989 sexual battery conviction nor his 2002 attempted pandering conviction were sufficient to trigger the mandatory minimums under *Shepard* and *Taylor*.   Defendant failed to adequately develop any argument under *Apprendi*.   Accordingly, defendant's arguments under *Descamps* fall within the ambit of an issue properly preserved for appellate review.   His arguments under *Alleyne*, however, do not fall within a claim he raised below; accordingly, this issue is unpreserved for appellate review and plain error review applies to it.

As to defendant's argument regarding the pattern-of-activity enhancement, we conclude that defendant properly preserved this issue for appellate review.   Defendant objected to the PSR's recommendation that the enhancement be imposed and raised the issue separately at sentencing.

III.

Defendant first argues that, under *Alleyne*, the district court erred by finding that defendant's 2002 attempted pandering conviction triggered the mandatory minimum sentence where *Alleyne* instructs that such a finding be made by a jury, not the judge. We disagree.

In *Apprendi*, the Supreme Court held that "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime, and therefore the defendant has the right to have those facts found by a jury beyond a reasonable doubt. 530 U.S. at 490 (quotation marks omitted). In *Alleyne*, the Court held that "[m]andatory minimum sentences increase the penalty for a crime. It follows, then, that [under *Apprendi*] any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. However—and critically—the *Alleyne* Court specifically noted that:

> In *Almendarez–Torres v. United States,* 523 U.S. 224 (1998), we recognized a narrow exception to [*Apprendi's*] general rule for the fact of a prior conviction [namely, that the fact of a prior conviction can be found by a judge by a preponderance of the evidence]. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.

*Id*. at 2160 n.1. In other words, the fact of a prior conviction, such as defendant's 2002 attempted pandering conviction, can still be found by a judge by a preponderance of the evidence, as occurred here. Indeed, this court has already rejected an argument identical to defendant's in another case. *See United States v. Keglar*, 535 F. App'x 494, 495 (6th Cir. 2013). Accordingly, the district court did not commit plain serror by failing to submit to a jury the fact of defendant's 2002 attempted pandering conviction. To the extent that Davis argues that the district court went beyond the fact of his prior conviction and engaged in judicial factfinding, we address this under our *Descamps* analysis below.

Next, defendant argues that his 2002 attempted pandering conviction cannot serve as a triggering offense for the mandatory minimums "because the pandering statute is indivisible." Although we disagree with defendant that the statute is indivisible, we nonetheless agree with him that the district court erred in concluding that defendant's prior convictions trigger the mandatory minimums in 18 U.S.C. §§ 2252(b)(1), 2252A(b)(2).

Summarizing the Supreme Court's decisions in *Taylor* and *Shepard*, this court has explained that:

> [I]n determining the nature of a defendant's prior conviction, we apply a "categorical" approach, meaning that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime. [In a narrow class of cases,] we may look at the indictment, guilty plea and similar documents to see if they "necessarily" establish the nature of the prior offense. Reference to such documents is often referred to as the "modified categorical approach."

*United States v. Johnson*, 675 F.3d 1013, 1016–17 (6th Cir. 2012) (internal citations and quotation marks omitted). *See also Taylor*, 495 U.S. at 600–02 (establishing the categorical and modified categorical approaches); *Shepard*, 544 U.S. at 26 (limiting the types of material a court can consider under the modified categorical approach); *Descamps*, 133 S. Ct. at 2283–84 (summarizing *Taylor* and *Shepard*). This court has applied the *Taylor/Shepard* approach to the statutory minimums at issue here. *See United States v. McGrattan*, 504 F.3d 608, 612 (6th Cir. 2007).

The purpose of the modified categorical approach is to establish "whether the court documents establish that the defendant 'necessarily admitted' the elements [or was convicted] of a predicate offense." *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009) (quoting *Shepard*, 544 U.S. at 16). In *Descamps*, the Supreme Court held that the modified categorical approach applies only to divisible statutes—that is, statutes that

> set[] out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Descamps*, 133 S. Ct. at 2281.

The *Descamps* Court emphasized, however, that the modified categorical approach "does not authorize a sentencing court to substitute . . . a facts-based inquiry for an elements-based one.

A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction" and may not rely on the underlying facts of the offense beyond the extent to which they help the court identify which elements of the statute were at issue in the prior conviction. *Id*. at 2293. Indeed, as this court has held, when applying the modified categorical approach, a court must first "ask whether the statute at issue is divisible. . . . If so, as part of the modified categorical 'step,' the court may look to the *Shepard* documents—but only to see which alternative version of the offense is at issue." *United States v. Covington*, 738 F.3d 759, 763 (6th Cir. 2014).

The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued. *Id*. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *see also Shepard*, 544 U.S. at 25 (explaining that it is not the role of district courts, when engaged in the modified categorical approach, to "make a disputed finding of fact about what the defendant and the state judge must have understood as the factual basis" of the prior conviction). In reversing the Ninth Circuit, *Descamps* criticized that court for impermissibly "turn[ing] an elements-based inquiry into an evidence-based one." *Id*. at 2287.

Here, defendant was convicted in 2002 in Ohio state court of attempting to pander obscenity involving a minor. The Ohio statute criminalizing pandering obscenity, Ohio Rev. Code § 2907.321, is clearly divisible, as it contains alternative elements. For example, it makes it a crime both to "create, direct, or produce" an obscene performance involving a minor, Ohio Rev. Code § 2907.321(A)(3), and to "[b]ring or cause to be brought into this state any obscene material that has a minor as one of its participants." Ohio Rev. Code § 2907.321(A)(6). Accordingly, because the statute was divisible, the district court was permitted to examine *Shepard*-approved documents to determine under which elements of the statute defendant was convicted. *Descamps*, 133 S. Ct. at 2281. The relevant *Shepard*-approved document in this case specifies under which section of the statute defendant was convicted: according to defendant's Ohio Judgment Entry of Sentence, he was convicted pursuant to § 2907.321(A)(1). *See United States v. Adkins*, 729 F.3d 559, 569 (6th Cir. 2013) (holding that a judgment entry is a proper

*Shepard* document).  Section 2907.321(A)(1) makes it a crime to "[c]reate, reproduce, or publish any obscene material that has a minor as one of its participants or portrayed observers."

Defendant's conviction under § 2907.321(A)(1) triggers the statutory mandatory minimums of §§ 2252(b)(1) and 2252A(b)(2) only if the elements of § 2907.321(A)(1) "relate[] to . . ." the possession or distribution of "child pornography" as federally defined.  Under Ohio law, material is "obscene" for purposes of § 2907.321(A)(1) if it involves a minor and:

> [i]t contains a series of displays or descriptions of [inter alia], *nudity* . . . . the cumulative effect of which is a dominant tendency to appeal to prurient or scatological interest, when the appeal to such an interest is primarily for its own sake or for commercial exploitation, rather than primarily for a genuine scientific, educational, sociological, moral, or artistic purpose.

Ohio Rev. Code § 2907.01(F)(5) (emphasis added).  Nudity alone, without more, cannot be "child pornography" under federal law.  *See* 18 U.S.C. § 2256(2)(A).  But it can be under the provision of Ohio law under which defendant was convicted in 2002.  Accordingly, a conviction pursuant to § 2907.321(A)(1) is not categorically a predicate offense.  *See Covington*, 738 F.3d at 763.  The district court committed an error of law—and therefore abused its discretion—by concluding otherwise.  *United States v. Clay*, 667 F.3d 689, 694 (6th Cir. 2012) ("[I]t is an abuse of discretion to make errors of law . . . .") (citation and quotation marks omitted).

The government argues (and the district court found) that because the Ohio Judgment Entry of Sentence as to the 2002 attempted pandering conviction does, in fact, list the victims' ages as 9 and 11 and found that the images at issue in that case were of children engaged in sex acts, the 2002 attempted pandering conviction triggers the mandatory minimums.  However, as the Supreme Court held, such an analysis impermissibly "turns an elements-based approach into an evidence-based one.  It asks not whether 'statutory definitions' necessarily require an adjudicator to find the generic offense, but instead whether the prosecutor's case realistically led the adjudicator to make that determination."  *Descamps*, 133 S. Ct. at 2287.  Accordingly, the district court erred when it ruled that "I'm permitted to look at and consider . . . [the state court's] explicit findings" regarding the content of the images seized pursuant to the 2002 attempted pandering case.  Indeed, under *Shepard*, *Taylor*, and *Descamps*, what actually occurred in the prior offense is irrelevant to the court's inquiry.  In properly applying the modified categorical

approach, a court examines *Shepard*-approved documents only to "determine which [elements of the statute] formed the basis of the defendant's prior conviction," not to determine the facts of the underlying case. *Descamps*, 133 S. Ct. at 2281; *see also Shepard*, 544 U.S. at 25. Put another way, the purpose of the modified categorical approach is simply to determine of what elements the defendant was convicted *so that* the court can apply the categorical approach. *Descamps*, 133 S. Ct. at 2281; *see also id.* at 2285 ("[T]he modified approach merely helps implement the categorical approach . . . It retains the categorical approach's central feature:  a focus on the elements, rather than the facts, of a crime."). And, under the categorical approach, sentencing courts may "look only to the statutory definitions" of a defendant's prior offense and not "to the particular facts underlying those convictions." *Taylor*, 495 U.S. at 600.

Having concluded that the district court erred, we must next determine whether its error was harmless. We conclude it was not. Regarding Count I, the statutory maximum without a prior triggering offense is 20 years, or 240 months. 18 U.S.C. § 2252(b)(1). The district court sentenced defendant to 262 months on Count I, which would be within the statutory range if there were a triggering offense. But because the district court erred by ruling that there was a triggering prior offense, the 262-month sentence exceeds the applicable statutory maximum. *Id*. Similarly, the statutory maximum for Counts II and III without a prior triggering offense would be 10 years, or 120 months. 18 U.S.C. § 2252A(b)(2). Here, the district court sentenced defendant to double that—240 months. The 240-month sentence on Counts II and III would be the statutory maximum with a triggering prior offense, but because the district court erred by concluding that there was a prior triggering offense here, the 240-month sentence exceeds the applicable statutory maximum. Accordingly, the district court's error was not harmless, and we must remand for resentencing.

The government argues that we should affirm on the alternative basis that the 1989 sexual battery conviction need not involve a minor to qualify as a predicate offense under § 2252A(b)(2). While we have addressed this issue in another case that is currently pending for en banc review, *see United States v. Mateen*, 739 F.3d 300, 304 (6th Cir. 2014) (vacated Apr. 8, 2014), we will not consider this argument here because the government waived it below by failing to make it in the district court. Although the government argues that it "specifically

reserved this argument in its sentencing memorandum," the record belies this assertion.  The government's position in its sentencing memorandum was not that the victim's age was immaterial to whether the 1989 sexual battery conviction was a triggering offense; instead, its position was that the victim's age could be established through a variety of means, including by the introduction of a birth certificate.  At the sentencing hearing, the government similarly did not argue that the victim's age was immaterial either before or after the district court ruled on the status of the 1989 sexual battery conviction.  Indeed, in its brief, the government concedes that it "focused on abusive sexual conduct involving a minor at the sentencing hearing."  As a general rule, "this court will not consider arguments raised for the first time on appeal," and we decline to do so here.  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *see also United States v. Graham*, 327 F.3d 460, 466 (6th Cir. 2003).

IV.

Finally, defendant argues that the district court erred by adding a five-level enhancement under U.S.S.G. § 2G2.2(b)(5).  We disagree.

The enhancement under § 2G2.2(b)(5) applies when a defendant "engage[s] in a pattern of activity involving the sexual abuse or exploitation of a minor."  The Guidelines define a "pattern of activity involving the sexual abuse or exploitation of a minor" as

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2, cmt. n.1.  Unlike with the mandatory minimums, the district court is permitted to find facts supporting the pattern-of-activity enhancement by a preponderance of the evidence. *United States v. Denson*, 728 F.3d 603, 614 (6th Cir. 2013).  Accordingly, the district court is not limited to *Shepard*-approved documents in making this determination, so long as the information it relies on is "reliable." *Id*.  In other words, the sentencing court must find that the information "has sufficient indicia of reliability to support its probable accuracy." *United States v. Hunt*, 487 F.3d 347, 352 (6th Cir. 2007) (quoting U.S.S.G. § 6A1.3(a)).

Here, the district court found that defendant's written statement from his 1989 sexual battery conviction—in which defendant admitted performing oral sex on a boy he babysat on about ten occasions—was sufficient on its own to support the pattern-of-activity enhancement. We agree. The confession was written by defendant, signed by defendant, was voluntary, and contained sufficient detail of the crimes to which defendant ultimately pleaded guilty. Accordingly, the district court did not abuse its discretion by applying the pattern-of-activity enhancement.

V.

For these reasons, we reverse defendant's sentence and remand for resentencing consistent with this opinion.