BLD-220                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4573
_____

RODNEY SMITH,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:14-cv-00763)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellant Rodney Smith seeks this Court's review of the District Court's

dismissal of his petition filed pursuant to 28 U.S.C. § 2241.  Because his appeal presents

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

no substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In February 2008, Smith was convicted in the United States District Court for the Eastern District of Pennsylvania of two counts of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and was sentenced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  Based on his total offense level of 40 and his Category VI criminal history, Smith's sentencing range under the U.S. Sentencing Guidelines was 360 months' to life imprisonment.  The District Court sentenced him to 360 months' imprisonment and five years of supervised release.  This Court affirmed Smith's conviction and sentence.  See United States v. Smith, 362 F. App'x 297 (3d Cir. 2010).

Smith thereafter filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing that he received ineffective assistance of trial and appellate counsel due to several alleged errors concerning the application of the ACCA to enhance his sentence.  He alleged, in part, that his attorney failed to object to the use of a 1980 state-court drug conviction at sentencing.  The District Court denied Smith's motion on the merits, and we declined to issue a certificate of appealability.  (See C.A. No. 12-3281.)

On April 1, 2014, we denied Smith's request to file a second or successive § 2255 motion, in which he sought to vacate his sentence.  He argued that his 1980 conviction

2

did not qualify as a "serious drug offense" that qualified him as a career offender under the ACCA based on the recent Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), and our decision in United States v. Tucker, 703 F.3d 205 (3d Cir. 2012). (C.A. No. 14-1382.) In Descamps, the Supreme Court reaffirmed that courts may not apply the "modified" categorical approach to sentencing under the ACCA when the crime at issue has a single, indivisible set of elements. 133 S. Ct. at 2281-82. And in Tucker, we applied the modified categorical approach in holding that the appellant's prior state conviction for conspiracy to sell drugs was not a serious drug offense within the meaning of the ACCA. 703 F.3d at 214.

Smith then filed the current § 2241 petition in his district of confinement, again asserting that his sentence should be vacated under Descamps and Tucker. The District Court determined that § 2241 was not the proper vehicle for Smith's claim, and dismissed the petition for lack of jurisdiction.

Smith now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3

We find no error in the District Court's dismissal of Smith's petition, as it is apparent that his claim is not viable under § 2241. A motion filed under 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In limited circumstances, a federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his or her detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). This occurs "only where the petitioner demonstrates that some limitation of scope of procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims. Cradle, 290 F.3d at 538. We have thus far applied this "safety valve" in the rare situation where a prisoner has had no prior opportunity to challenge his conviction because an intervening change of the law decriminalized the conduct underlying the conviction. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

As noted above, Smith claims that his sentence was wrongly enhanced under the ACCA because the sentencing court erroneously determined that a prior state-court drug conviction was a "serious drug offense," and thus that he is factually innocent of being a career offender. Smith asserts that he could not have brought this claim previously because Descamps created a new rule of substantive law in 2013. He is incorrect. In Descamps, the Court reaffirmed that its existing precedent permits application of the modified categorical approach for determining whether a prior conviction constitutes a

4

"violent felony" under the ACCA only when a statute is divisible, and then only to determine the subpart under which the defendant was convicted. Descamps, 133 S. Ct. at 2282-86. Thus, "[t]he Supreme Court . . . explained that it was not announcing a new rule, but was simply reaffirming the Taylor [v. United States, 495 U.S. 575 (1990)]/Shepard [v. United States, 544 U.S. 13 (2005)] approach, which some courts had misconstrued." United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014). Indeed, we already have decided that Descamps does not alter our ruling in Tucker that 35 Pa. Stat. § 780-113(a)(30), which is the statute under which Smith was convicted in 1980, is divisible and properly subject to the modified categorical approach. See United States v. Abbott, 748 F.3d 154, 156 & n.1 (3d Cir. 2014). And Tucker itself, which was based on the particular record of conviction before the District Court in that case, shows that Smith could have raised arguments regarding application of the modified categorical approach to his statute of conviction before Descamps. Descamps does not constitute the rare situation of an intervening change of the law sufficient to apply the "safety valve" provided by § 2241. See Okereke, 307 F.3d at 120.

Further, Descamps applied principles that Smith could have raised as early as in his direct appeal. And he did, in fact, set forth claims based on Descamps in his recent application to file a second or successive § 2255 motion. His lack of success on his challenges to his sentence does not render § 2255 "inadequate or ineffective," or make reliance on § 2241 appropriate. See Dorsainvil, 119 F.3d at 251; Queen v. Miner, 530

5

F.3d 253, 255 (3d Cir. 2008) (per curiam) (affirming district court's dismissal of § 2241 petition where the issues raised had been, or could have been, decided in a prisoner's previous habeas action). Accordingly, relief is not available to Smith under 28 U.S.C. § 2241.

For these reasons, we will affirm the District Court's judgment. We deny Smith's motion for appointment of counsel.