NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0435n.06

No. 14-5966

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 11, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| LOUIS ANGELO MARS, SR., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; TARNOW, District Judge.[*]

PER CURIAM. Louis Angelo Mars, Sr. ("Mars"), a federal prisoner, appeals the sentence the district court imposed after he pleaded guilty to a charge of conspiring to distribute oxycodone.

Mars submitted a sentencing memorandum to the district court objecting to the calculation of his criminal history score in the presentence report, asking the court to consider his troubled upbringing, employment history, and family support, and seeking application of a contemplated amendment to the United States Sentencing Guidelines that had not yet been enacted. At the sentencing hearing, counsel for Mars repeated each of these arguments. The district court sustained the objection to the criminal history calculation and calculated a lowered Guidelines imprisonment range of 87 to 108 months. The district court also acknowledged

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

reading the sentencing memorandum and agreed that Mars had had a difficult childhood. However, the court emphasized the serious nature of Mars's offense and his previous convictions involving violence and weapons in determining to impose a within-Guidelines sentence of 96 months. Finally, the court declined to apply the impending amendment to the sentencing Guidelines, but invited Mars to move for a sentence reduction if the Guidelines were amended.

On appeal, Mars argues that the district court failed to explain why it rejected his arguments for leniency, rendering his sentence procedurally and substantively unreasonable. Mars also points out that retroactive Amendment 782 to USSG § 2D1.1(c) lowers his offense level from 30 to 28, yielding a Guidelines range of 70 to 87 months of imprisonment. Accordingly, he seeks a remand to allow the district court to consider his eligibility for a sentence reduction. The Government argues that Mars's sentence is reasonable, but agrees that remand to the district court for consideration of whether Mars is eligible for sentence reduction under Amendment 782 is proper.

We review sentences "for reasonableness, which, we have determined, has both procedural and substantive components." *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014). Because Mars did not object below to the procedural error he now raises, we review the procedural reasonableness of his sentence for plain error. *Id.* Mars argues that, in *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010), we found plain error in a district court's failure to address a defendant's argument. That case is distinguishable from the one at bar because the sentencing court there failed to mention any of the relevant sentencing factors. Here, in contrast, the district court acknowledged the arguments for leniency that Mars raised, but found that the serious nature of the offense and his violent criminal history outweighed his leniency arguments. Therefore, Mars has not established that the district court committed plain error.

Mars also argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013). The court of appeals may, but is not required to, presume that a within-Guidelines sentence is reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). If an appellate court does presume the reasonableness of a within-Guidelines sentence, that presumption does not place the burden of persuasion or proof on any particular party. *Id.* (clarifying, inter alia, *United States v. Brown*, 579 F.3d 672 (6th Cir. 2009), which implies that the burden is on the defendant to show that a different sentence is required in order to rebut any presumption of reasonableness of a within-Guidelines sentence).

Defendant argues that a sentence of less than 96 months would have been sufficient to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). The fact that a district court does not give a defendant the specific sentence he sought does not create a cognizable basis for appeal, especially if the district court followed the mandates of section 3553(a) during sentencing. *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). The transcript of the sentencing hearing indicates that the district judge was concerned with the interests of deterrence and just punishment when it imposed Mars's sentence. While we might agree that a shorter sentence could serve those interests, it is for the district court to determine, in its sound discretion, what sentence is "sufficient, but not greater than necessary" to meet these interests. 18 U.S.C. § 3553(a). Mars further argues that the district court did not properly account for the mitigating circumstances in his case. After reviewing the district court record, we cannot say that the sentence imposed was an unreasonable sentence, regardless of whether it is the sentence that we might select ourselves.

When an amendment to the Guidelines applies retroactively, "the proper procedure is for this court to affirm the sentence but to remand for consideration of whether the prisoner is entitled to a sentence reduction under [18 U.S.C.] § 3582(c)." *United States v. Poole*, 538 F.3d 644, 646 (6th Cir. 2008). The parties agree that this matter should be remanded to the district court for consideration of whether Mars is eligible for a sentence reduction under Amendment 782 to the sentencing Guidelines. Accordingly, we affirm the district court's judgment but remand for consideration of the availability of a sentence reduction in light of Amendment 782.