# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1468

_____

William Joseph Headbird,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 19, 2015
Filed: February 19, 2016

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2005, a jury convicted William Joseph Headbird of one count of possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court applied the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and sentenced Headbird to 327 months in prison. This court affirmed the judgment on direct review. *United States v. Headbird*, 461 F.3d 1074 (8th Cir. 2006). In June

2014, Headbird moved to vacate his sentence in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). The district court[1] concluded that *Descamps* did not create a newly recognized right that applies retroactively to cases on collateral review and denied Headbird's motion as untimely under 28 U.S.C. § 2255(f). Headbird appeals, and we affirm.

I.

Headbird was convicted in 2005 on one count of possessing a firearm as a previously convicted felon. The district court found that Headbird had sustained seven prior "violent felony" convictions for purposes of 18 U.S.C. § 924(e): theft of a motor vehicle, motor vehicle use without consent, attempted escape from custody, escape from custody, felony attempted escape, and two convictions for second-degree assault. Accordingly, the court determined that Headbird was subject to a mandatory minimum sentence of fifteen years, and a maximum of life imprisonment, under § 924(e)(1). After calculating an advisory guideline range of 262 to 327 months' imprisonment, the court sentenced Headbird at the top of the range.

Headbird moved in 2014 to vacate the sentence, arguing that *Descamps* showed that his three prior escape convictions were not violent felonies. He urged that *Descamps* established a new substantive rule that applies retroactively to cases on collateral review. Headbird also asserted that his two prior motor vehicle convictions were no longer violent felonies in light of *Begay v. United States*, 553 U.S. 137, 142-43 (2008), and *United States v. Miller*, 305 F. App'x 302, 303 (8th Cir. 2008) (per curiam). Headbird thus argued that because he had sustained only two prior convictions for violent felonies, the district court erroneously sentenced him as an armed career criminal, and that the statutory maximum punishment for his offense

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

was 120 months. *See* 18 U.S.C. § 924(a)(2). Headbird argued that his motion was timely, because it was filed within one year after the Supreme Court in *Descamps* recognized a new right that has been made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

The district court denied the motion, concluding that *Descamps* did not establish a new rule that applied retroactively. Therefore, the limitations period for filing a § 2255 motion expired one year after the judgment of conviction became final, and the district court dismissed the motion as untimely. *See id.* § 2255(f)(1). The district court issued a certificate of appealability.

II.

There is a one-year limitations period for a motion to vacate a sentence filed under 28 U.S.C. § 2255. The period typically runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The limitations period starts later, however, when the movant asserts a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. § 2255(f)(3). In that situation, the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." *Id*.

The parties in this case agree that to determine whether a right "has been newly recognized by the Supreme Court," we must inquire whether the Supreme Court announced a "new rule" within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 301 (1989). We see no reason to dispute the joint position of the parties. Although § 2255(f)(3) does not use the term "new rule," the statute refers to a "newly recognized" right that has been made retroactive. The statute was enacted against the backdrop of existing judicial precedent in which the Court addressed the retroactivity

-3-

of "new rules." Although the terminology used in § 2255(f)(3) is slightly different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are "newly recognized" from rights that are recognized in "new rule" under established retroactivity jurisprudence. We therefore accept the position of the parties, consistent with the decisions of other courts of appeals that have equated the two inquires. *See Butterworth v. United States*, 775 F.3d 459, 464-65 (1st Cir. 2015); *United States v. Mathur*, 685 F.3d 396, 398-99 (4th Cir. 2012); *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012).

A "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague*, 489 U.S. at 301. Stated differently, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id*. A rule is not dictated by existing precedent "unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 528 (1997)). But rules that apply a general principle to a new set of facts typically do not constitute new rules. *Id*.; *Wright v. West*, 505 U.S. 277, 309 (1992) (Kennedy, J., concurring in the judgment).

The Armed Career Criminal Act establishes a mandatory minimum prison sentence of fifteen years for defendants convicted of possessing a firearm as a previously convicted felon if they have three prior convictions for "a violent felony." 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves the use of explosives."[2] *Id.*

---

[2]The definition of "violent felony" also includes felonies that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), but the Supreme Court held this residual clause unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

§ 924(e)(2)(B). To determine whether a past conviction qualifies as a violent felony, courts use a categorical approach that looks to the fact of conviction and the statutory elements of the prior offense. *Taylor v. United States*, 495 U.S. 575, 602 (1990). In cases where a statute describes alternate ways of committing a crime—only some of which satisfy the definition of a violent felony—courts may use a modified categorical approach and examine a limited set of documents to determine whether a defendant was necessarily convicted of a violent felony. *Id.*; *Shepard v. United States*, 544 U.S. 13, 20-21 (2005). These materials include charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or "some comparable judicial record." *Shepard*, 544 U.S. at 26; *see also Taylor*, 495 U.S. at 602.

In *Descamps*, the Supreme Court addressed whether courts could consider these judicial records when examining convictions under an indivisible statute that "criminalizes a broader swath of conduct" than necessary to establish a violent felony. *Descamps*, 133 S. Ct. at 2281. In *Descamps*, the defendant had sustained a prior conviction for burglary under a state statute that did not require the perpetrator's entry to be unlawful. *Id.* at 2282. The statute thus prohibited a broader range of conduct than the generic definition of burglary, which encompasses "*unlawful or unprivileged entry* into, or remaining in, a building or structure, with intent to commit a crime." *Id*. at 2283 (emphasis added) (quoting *Taylor*, 495 U.S. at 599).

The Court explained that *Taylor* and *Shepard* both addressed divisible statutes—statutes with multiple elements set out in the alternative—and held that the modified categorical approach may be used to determine which elements formed the basis of a defendant's prior conviction. *Id.* at 2285 & n.2. Once the elements underlying the crime of conviction are ascertained, the categorical approach is used to determine whether the crime is a violent felony. *Id*.

*Descamps* held, however, that the modified categorical approach does not apply to indivisible statutes, because such statutes do not require a choice between

alternatives.  Rather, the indivisible statute in *Descamps* posed "a simple discrepancy between generic burglary and the crime established [under California law]."  *Id*.  The elements of the defendant's prior conviction for burglary were known.  Because those elements did not correspond to the generic definition of burglary, "the inquiry [was] over," and the offense was not a "violent felony."  *Id*. at 2286.

Headbird urges us to conclude that *Descamps* established a new rule requiring that courts apply the categorical approach in determining whether convictions under indivisible statutes are violent felonies.  He argues that *Descamps* addressed "a novel question about when to apply the modified categorical approach."  *Descamps* reasoned, however, that prior "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."  *Id.* at 2283.  The Court further observed that limiting application of the modified categorical approach to divisible statutes was "the only way we have ever allowed" courts to use the approach.  *Id.* at 2285.  Rather than establish a new rule for analyzing indivisible statutes, *Descamps* simply reaffirmed that "[t]he modified approach does not authorize a sentencing court to substitute . . . a facts-based inquiry for an elements-based one."  *Id*. at 2293.  The Court thus applied existing general principles governing the categorical and modified categorical approaches to indivisible statutes.

Headbird points to Justice Alito's dissent and a prior conflict in the circuits as evidence that *Descamps* established a new rule.  Neither the fact of a dissent nor the existence of conflicting authority, however, determines whether a decision establishes a new rule.  *See Beard v. Banks*, 542 U.S. 406, 416 n.5 (2004); *West*, 505 U.S. at 304 (O'Connor, J., concurring in the judgment); *Stringer v. Black*, 503 U.S. 222, 237 (1992).  We must rely principally on the rationale articulated by the Court in its decision.  Here, the Court's opinion explained that the case was "all but" resolved by prior decisions.  133 S. Ct. at 2283.  We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule.  *See, e.g.*, *King v. United States*, 610 F. App'x 825, 828-

29 (11th Cir. 2015) (per curiam); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *cf. Smith v. Warden Lewisburg USP*, 614 F. App'x 52, 54-55 (3d Cir. 2015) (per curiam); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Accordingly, Headbird's motion does not rely on a right that was "newly recognized" by the Supreme Court in *Descamps*, and the district court correctly dismissed Headbird's motion as untimely based on the limitations period of § 2255(f)(1).

In his reply brief, Headbird argues for the first time that his case should be remanded for factfinding and reconsideration of his sentence in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague. This issue is not included in the certificate of appealability, and while we have authority to expand the certificate, we generally decline to address arguments that were not presented to the district court or raised in a party's opening brief. *See United States v. Nelson*, 109 F.3d 1323, 1325 (8th Cir. 1997). We therefore deny the motion to remand based on *Johnson*. Headbird remains free to seek authorization to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255(h)(2) based on *Johnson*. *See Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015) (per curiam).

\*       \*       \*

For these reasons, we affirm the district court's dismissal of Headbird's motion to vacate his sentence and deny his motion to remand in light of *Johnson*.

_____