**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER JOHN HOPSON,

    Defendant-Appellant.

No. 03-2219
(D. N.M.)
(D.Ct. No. CR-03-677-JP)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Christopher John Hopson, a federal prisoner represented by counsel, appeals his convictions for one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Specifically, Mr. Hopson claims insufficient evidence supports the jury's verdict finding him guilty beyond a reasonable doubt on both counts. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm Mr. Hopson's convictions.

A. Factual and Procedural Background

The evidence introduced at Mr. Hopson's trial established that on June 29, 2001, two masked men robbed the New Mexico Educators Federal Credit Union, a federally insured institution, located in Albuquerque, New Mexico. Credit union employees and customers testified two men stormed into the credit union, pointed guns at those in the building, ordered them down on the floor, and demanded they keep their heads down and not look at them. Their demands invoked fear and intimidated the employees and customers inside the credit union. Another witness who saw the two masked men get into a car driven by another, followed the car to an apartment complex and then called the police.

Other evidence introduced at trial either identified or implicated Mr.

Hopson as one of the masked robbers, including the testimony of a co-defendant, Michael Crespin; Mr. Hopson's ex-girlfriend, who is the mother of Mr. Hopson's child; and a Federal Bureau of Investigation agent, Heather Trout, who interviewed Mr. Hopson.

Mr. Crespin testified Mr. Hopson, who he knew as "Dopey," Bobby Miller, and he committed the robbery, after Mr. Miller approached him about driving the getaway car for a robbery. He met with both Mr. Miller and Mr. Hopson at Mr. Miller's house, and a few days later, Mr. Crespin drove a friend's car and Mr. Hopson drove another car to an apartment complex parking lot. After Mr. Hopson parked, he and Mr. Miller entered the car driven by Mr. Crespin and put on gloves and ski masks contained in a duffle bag.

According to Mr. Crespin, Mr. Miller carried a nine-millimeter gun with bullets in the clip and Mr. Hopson carried a loaded .38 caliber revolver. Mr. Crespin drove them to the credit union which Mr. Hopson and Miller entered, carrying the duffel bag and guns. After a short time, both men came out of the building and got into the car; Mr. Crespin then drove to the apartment complex where they changed cars, and left the car used in the robbery in the parking lot. Later, when Mr. Crespin went to retrieve his friend's car, he saw police officers

in the area around the car, so he left and asked his friend to report it stolen.

For his participation in the robbery, Mr. Crespin testified he received $1,000. During his testimony, he also revealed his own extensive criminal history, drug addiction, and an agent's statement Mr. Crespin would not have passed a polygraph during the robbery investigation; he also described the plea agreement he entered and the reduction in his sentence for his truthful testimony.

In addition to Mr. Crespin's testimony, Mr. Hopson's ex-girlfriend testified and explained Mr. Hopson's nickname is "Dopey." She stated she returned to New Mexico from Ohio for a two-week visit at Mr. Hopson's request so he could see his daughter. During that visit, Mr. Hopson told her he planned to rob a bank; she also met Mr. Miller at Mr. Hopson's mother's home. Before she returned to Ohio, Mr. Hopson gave her $300, told her it was from a bank he robbed with two other people, and expressed his fear the driver would "rap" or "ra[t]" them out because the driver never robbed a bank before.

Finally, the federal agent who interviewed Mr. Hopson in connection with the robbery testified Mr. Hopson told her he did not commit the armed bank robbery because he was in prison the date it occurred; however, this information

proved false. Mr. Hopson also told her he knew about the robbery and who did it, but would not tell her more. During the interview, Mr. Hopson also admitted he knew Mr. Miller for many years and met Mr. Crespin at Mr. Miller's residence.

Based on this and other evidence, the jury convicted Mr. Hopson of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] The district court sentenced Mr. Hopson to 262 months imprisonment for the armed bank robbery count, and eighty-four months imprisonment on the firearm count, to run consecutively for a total of 346 months imprisonment.

### B. Argument on Appeal

On appeal, Mr. Hopson contends insufficient evidence supports his convictions because the testimony of the primary inculpatory witness, Mr.

---

[1] Based on the evidence presented, the jury determined the government met its burden of establishing the elements necessary to prove armed bank robbery and brandishing a firearm. For the armed bank robbery conviction, the government had to show Mr. Crespin took from a person or the presence of a person money belonging to or in possession of a federally-insured bank at the time of the taking, by means of force and violence or intimidation, and assaulted or put in jeopardy the life of some person by the use of a dangerous weapon or device. *See* 18 U.S.C. § 2113(a) and (d). For the brandishing a firearm conviction, the government had to show Mr. Crespin committed the bank robbery alleged and knowingly used a firearm during and in relation to his commission of the bank robbery alleged. *See* 18 U.S.C. 924(c)(1)(A)(ii).

Crespin, is unreliable and incredible. Mr. Hopson bases this contention on Mr. Crespin's career history of violent felony convictions, heroin and other drug addictions, and the investigating agent's statement that during the investigation of the robbery, he would not have passed a polygraph test. He also points to Mr. Crespin's motivation to lie, which included a plea bargain for his part in the crime, and the possibility of a reduced sentence for his testimony at trial. Mr. Hopson further questions the veracity of Mr. Crespin's testimony because he testified Mr. Hopson drove the other vehicle to the apartment complex, when in fact his ex-girlfriend testified Mr. Hopson did not know how to drive. Because none of the other witnesses, other than Mr. Crespin, could positively identify Mr. Hopson as one of the robbers, he claims the other evidence is merely circumstantial and cannot directly implicate his involvement in the robbery.

In response, the government contends the jury knew of the negative facets surrounding Mr. Crespin's testimony and raised by Mr. Hopson to discredit him, but nevertheless made a determination his testimony was credible, as evidenced by his convictions. It further argues sufficient other evidence supports the verdict, including the testimonies of Mr. Hopson's ex-girlfriend and the federal agent who interviewed him.

C. Discussion

In examining these arguments, we first consider the standard of review applied, as follows:

> We review the record *de novo* when reviewing ... the sufficiency of the evidence to support a conviction .... We must determine whether viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt. In conducting our inquiry, we do not weigh conflicting evidence nor consider the credibility of witnesses. Instead, we must simply determine whether the evidence, if believed, would establish each element of the crime.

*United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004). (quotation marks, alterations and citations omitted). In applying these standards, we have held that "circumstantial evidence, taken together with any reasonable inferences which flow from such evidence, is sufficient to establish guilt beyond a reasonable doubt." *United States v. Lazcano-Villalobos*, 175 F.3d 838, 843 n.2 (10th Cir. 1999) (alteration, quotation marks and citation omitted).

With respect to accomplice testimony, we have held that "so long as the testimony is not incredible on its face and is otherwise capable of establishing guilt beyond a reasonable doubt, it remains solely within the province of the jury to determine the credibility of each witness." *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999) (quotation marks, alteration and citation omitted), *cert.*

*denied*, 529 U.S. 1027 (2000). Where the defense attempts to discredit a defendant's accomplice but the jury nevertheless convicts him, we have said "[b]y viewing the evidence in the light most favorable to the government, we necessarily assume the jury found the government's evidence credible." *United States v. Torres*, 53 F.3d 1129, 1134 (10th Cir. 1995).

In this case, the jury knew of Mr. Crespin's prior criminal history, drug addiction, polygraph incident, and plea bargain conditions, as well as his statement Mr. Hopson drove the other car, which conflicted with his ex-girlfriend's testimony Mr. Hopson did not drive. Despite this information, the jury convicted Mr. Hopson on both counts of armed bank robbery and brandishing a firearm. We assume the jury found Mr. Crespin's testimony credible and will not inquire into the jury's credibility determinations.

In addition to Mr. Crespin's testimony, sufficient other evidence exists to support the jury's verdict, as established by the testimony of Mr. Hopson's ex-girlfriend to whom he confessed his participation in the robbery. Her testimony, together with the bank employees' testimony describing the robbery, further establish Mr. Hopson as one of the robbers who brandished a firearm. Even if we treat such evidence as purely circumstantial, as Mr. Hopson characterizes it,

clearly a jury could find it sufficient to establish guilt beyond a reasonable doubt when taken together with the reasonable inferences that flow from it. *See Lazcano-Villalobos*, 175 F.3d at 843 n.2. In so holding, we assume the jury found Mr. Hopson's ex-girlfriend's testimony credible and note Mr. Hopson did not attack her credibility on appeal.

Finally, the federal agent's testimony regarding Mr. Hopson's knowledge of the robbery and acquaintance with Mr. Miller and Mr. Crespin clearly collaborates Mr. Hopson's ex-girlfriend's testimony, as well as Mr. Crespin's testimony. As to the conflict in evidence on whether Mr. Hopson knew how to drive or drove one of the cars, we may not weigh conflicting evidence, and, therefore, assume the jury found such conflicting evidence immaterial to the ultimate issue of whether Mr. Hopson committed armed bank robbery while brandishing a firearm.

Under the circumstances presented and in applying our standard of review on appeal, we conclude sufficient evidence supports the jury's verdict convicting Mr. Hopson of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

D.  Conclusion

For the foregoing reasons, we **AFFIRM** Mr. Hopson's convictions.


                                        **Entered by the Court:**

                                        **WADE BRORBY**
United States Circuit Judge