FILED
United States Court of Appeals
Tenth Circuit

December 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEX SONNI GLOVER, JR.,

      Petitioner - Appellant,

v.

JOHN FOX,

      Respondent - Appellee.

No. 13-6259
(D.C. No. 5:13-CV-00965-M)
(W.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Defendant and petitioner, Alex Sonni Glover, Jr., proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his action which we properly construe as a motion under 28 U.S.C. § 2255. Concluding that Mr. Glover has failed to meet the requirements for issuance of a COA, we deny him a COA and dismiss this matter.

Mr. Glover has appeared several times before this court and the district court. We summarize the history of this case, as stated in a recent district court

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decision involving Mr. Glover, in which he sought relief under 28 U.S.C. § 2255

from the Northern District of Oklahoma (the district in which he was originally

convicted and sentenced):

> On July 8, 2005, a grand jury returned a one count indictment charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the indictment listed three prior felony convictions. Defendant pled guilty . . . . The PSR noted that defendant had five prior convictions that qualified as violent felonies under the ACCA . . . . One of those convictions was a 1996 Nevada conviction for larceny from a person . . . . [D]efendant was sentenced to 180 months imprisonment [and] the Tenth Circuit Court of Appeals affirmed.

United States v. Glover, 2013 WL 4097915, at *1 (N.D. Okla., Aug. 13, 2013)

(unpublished). Mr. Glover's lengthy post-conviction proceedings then

commenced:

> On May 2, 2008, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [The district court concluded that Mr. Glover] was still subject to the statutory mandatory minimum sentence of 15 years under the ACCA. Defendant sought a certificate of appealability from the Tenth Circuit but the Tenth Circuit denied his request . . . and dismissed his appeal. <u>Defendant filed a motion for relief under 28 U.S.C. § 2241 and he argued that his conviction for larceny from a person was not a violent felony</u>. The Court found that the defendant was attacking the validity of his sentence and his motion should be construed as a second or successive § 2255. Defendant next filed a motion for relief under Fed. R. Civ. P. 60(b)(6), and <u>he argued that the court committed procedural error by using the modified categorical approach to find that his conviction for larceny from a person was a violent felony</u>. The Court found that defendant's motion was not a "true" Rule 60(b) motion and defendant was actually attacking the validity of his sentence. Thus, defendant's motion was actually a second or successive § 2255 and the Court dismissed the motion for lack of jurisdiction. Defendant sought authorization from the Tenth

-2-

Circuit to pursue his claims through a second or successive § 2255 motion, but the Tenth Circuit denied his request and <u>found that he had previously raised the same arguments in numerous prior filings</u>. Defendant has now filed another § 2255 motion challenging his sentence under the ACCA. He <u>claims that the Supreme Court's decision in Descamps [v. United States, 133 S. Ct. 2276 (2013)] constitutes an intervening change in the law</u> and he has filed his motion within one year of the <u>Descamps</u> decision.

<u>Id.</u> (emphasis added; record citations omitted).

The district court then determined that it lacked jurisdiction to consider Mr. Glover's second or successive § 2255 motion, "because defendant must request permission from the Tenth Circuit to file a second or successive § 2255." <u>Id.</u> at *2 (citing 28 U.S.C. § 2255(h); <u>United States v. Nelson</u>, 465 F.3d 1145, 1148 (10th Cir. 2006). In so concluding, the district court specifically addressed an argument Mr. Glover made based on the Supreme Court's <u>Descamps</u> decision:

Defendant argues that <u>Descamps</u> announced a new rule of law that was made applicable to cases on collateral review and that he would not be subject to sentencing under the ACCA based on the ruling in <u>Descamps</u>. In <u>Descamps,</u> the Supreme Court held that the California statute for burglary in the first degree was nondivisible and the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA. . . . <u>Descamps</u> concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law. The Tenth Circuit has found that intervening judicial interpretations of statutory law, such as the ACCA, do not constitute a new rule of constitutional law under § 2255(h)(2). . . . <u>Descamps did not announce a new rule of constitutional law and it is not likely that the Tenth Circuit would authorize the filing of a second or successive § 2255 motion</u>.

Id. at *3 (emphasis added).  The court accordingly dismissed the matter for lack of jurisdiction.

Mr. Glover then filed the motion/petition which has generated the request for a COA which is before us now.  He filed this action in the Western District of Oklahoma, and purported to bring it under 28 U.S.C. § 2241, claiming (before the district court) that "28 U.S.C. § 2255 proves inadequate to test his detention's illegality."  Glover v. Fox, 2013 WL 5740449, at *1 (W.D. Okla., Oct. 22, 2013) (unpublished).  He further claimed that "the 'savings clause' allows him to proceed under § 2241 because:  (1) the Northern District of Oklahoma erred when it denied his Taylor [v. United States , 495 U.S. 575 (1990)] claim; and (2) he cannot raise a statutory argument in a second § 2255 motion."  Id.[1]

The district court correctly noted that the "threshold question is whether [Mr. Glover's] pleading is properly filed under § 2241."  Id.  The district court went on to reason as follows:

> Pleadings filed under § 2241 and § 2255 serve different and distinct purposes.  A petition filed under § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.  A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence.

---

[1]Mr. Glover's "Taylor claim" is essentially his claim based upon Descamps, concerning the appropriate characterization of his prior larceny conviction as a violent felony or not.

Because [Mr. Glover] is challenging his sentence's legality, his claim would ordinarily fall within the purview of a § 2255 motion. However, § 2241 could provide an avenue for relief under the limited circumstances provided in the so-called savings clause of § 2255. That savings clause provides that § 2241 may be appropriate to challenge a sentence's legality if the remedy by § 2255 motion is inadequate or ineffective. However, a § 2255 motion will rarely be an inadequate or ineffective remedy to challenge a conviction.

The measure of inadequacy or ineffectiveness is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241. The clause is concerned with process—ensuring the petitioner an opportunity to bring his argument—not with substance—guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief."

Id. at *2 (quoting Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011)).

The district court then addressed Mr. Glover's argument that the savings clause of § 2255 permitted him to proceed under § 2241. The court rejected his claim that the savings clause applied because the Northern District of Oklahoma erred in denying him relief under his first § 2255 motion. "[A] petition under § 2241 is not available to a petitioner simply because a 'court has denied him relief,'" id. (quoting Prost, 636 F.3d at 584), even if such denial was erroneous. The court also rejected his argument that he is unable to raise a statutory argument in a second § 2255 motion, stating, "[a]gain, this argument does not authorize Petitioner to proceed under § 2241. 'The fact that § 2255 bars [Mr. Glover] from bringing his statutory interpretation *now*, in a *second* § 2255 motion

. . . , doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument.'" Id. (quoting Prost, 636 F.3d at 580).

The district court therefore concluded that Mr. Glover's pleading had to be construed as a motion arising under § 2255. As such, the district court below lacked jurisdiction: "[b]ecause a petitioner must file a § 2255 motion in the original sentencing court—here, the Northern District of Oklahoma—this Court [the Western District of Oklahoma] lacks jurisdiction over the action." Id. at *3 (citing 28 U.S.C. § 2255(a)). The court then determined that "transfer to the . . . Northern District of Oklahoma would be futile, as that court would *also* lack jurisdiction over [Mr. Glover's] second and successive § 2255 motion." Id. That is so because, as we have stated before, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). The district court thus dismissed the petition without prejudice, for lack of jurisdiction. Mr. Glover seeks a COA in order to appeal that dismissal.

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); see 28 U.S.C. § 2253(c)(1)(A). A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); he can do this by demonstrating "that reasonable jurists could

-6-

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Dodd v. Trammell, 730 F.3d 1177, 1205 (10th Cir. 2013) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

An applicant denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting Slack, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

Based on these standards and the thorough analysis undertaken by the district court, we are satisfied that no COA should issue. As the district court correctly recited, Mr. Glover has filed numerous collateral petitions, in two different federal courts (the Northern and Western Districts of Oklahoma), to challenge the same conviction, on essentially the same grounds. Indeed, before our court he again makes the argument, based upon Descamps, which he made unsuccessfully several times below. We perceive no error in the district court's meticulous explanation for why Mr. Glover's proceeding must be dismissed.

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge