FILED
United States Court of Appeals
Tenth Circuit

July 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VINCENTE A. MONTES,

      Defendant - Appellant.

No. 14-2015
(D.C. Nos. 1:13-CV-01144-MCA-KBM
and 1:07-CR-02236-MCA-1)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Vincente Montes seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

In 2009, Montes pled guilty to being a felon in possession of a firearm in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 188 months'

imprisonment. We affirmed his conviction and sentence. See United States v. Montes,

400 F. App'x 390 (10th Cir. 2010) (unpublished). Montes' conviction became final in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

January 2011 when the time to file a petition for certiorari expired. See Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 525 (2003).

Montes did not file a 28 U.S.C. § 2255 motion within one year of "the date on which the judgment of conviction [became] final," as is generally required. § 2255(f)(1). Rather, his habeas papers were filed with the district court on December 2, 2013. Montes argues that his motion is timely, however, because it was filed within one year of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). He contends that the date this opinion was issued restarted his filing clock as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

We agree with the district court, however, that the Descamps decision did not recognize a new right. "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis and citations omitted). The Descamps opinion simply applied existing doctrine. See 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); id. at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). Numerous district courts have reached the same conclusion. See,

e.g., Jefferson v. United States, No. 8:14-CV-1277-T-27TGW, 2014 U.S. Dist. LEXIS 75392, at *6-7 (M.D. Fla. June 3, 2014) (unpublished) (collecting cases).

Montes argues for the first time on appeal that his habeas petition should be considered timely based on Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), or considered under the savings clause of § 2255(e).  However, because Montes did not raise these issues before the district court, they are forfeited.  See United States v. Gould, 672 F.3d 930, 938 (10th Cir. 2012) ("Failure to raise an argument before the district court generally results in forfeiture on appeal." (quotation and alteration omitted)).

Because we conclude that reasonable jurists could not debate the district court's conclusion that Montes' motion was untimely, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-