**UNITED STATES COURT OF APPEALS**

**TENT CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CHRISTOPHER M. TENDERHOLT,

     Defendant - Appellant.

No. 14-8051
(D. Wyoming)
(D.C. Nos. 2:14-CV-00068-NDE and
2:04-CR-00059-CAB-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Christopher Tenderholt, acting pro se, filed a motion for relief under

28 U.S.C. § 2255 in the United States District Court for the District of Wyoming. His

single claim (and the only claim raised in this court) was that he was improperly

sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because

his Montana burglary convictions were not convictions of violent felonies. Although we

rejected that contention on his direct appeal, *see United States v. Tenderholt*, 149 F.

App'x 805, 810 (10th Cir. 2005), he relies on the recent Supreme Court decision in

*Descamps v. United States*, 133 S. Ct. 2276 (2013), as requiring a different result. The

district court rejected Defendant's § 2255 motion as untimely, and Defendant now asks us to issue a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c) (requiring a COA to pursue appeal). We deny a COA and dismiss this appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the claim was either "debatable or wrong." *Id.* If habeas relief was denied on procedural grounds, the COA applicant must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Defendant filed his § 2255 motion some seven years after his conviction became final, well after the expiration of the one-year limitations period set forth in 28 U.S.C. § 2255(f). He raises two arguments, however, for extending that limitations period. Both derive from his contention that *Descamps* established a new right for defendants. First, he relies on § 2255(f)(3), which restarts the one-year limitations period from "the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(3). Second, he contends that he could not have raised his present claim before *Descamps* and thus can invoke the equitable-tolling doctrine, which protects a § 2255 movant who can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (footnote and internal quotation marks omitted).

Both arguments fail because they are based on a false premise. *Descamps* did not create a new right, nor was it even, as Defendant asserts, a "reinterpretation of precedent which corrected mistakes that federal circuits had been making for years," Aplt. Br. at 3. There was no impediment to Defendant's raising his present arguments before that decision was handed down. The purpose of *Descamps* was not to make new law but to correct the Ninth Circuit's misunderstanding of prior opinions. The Court began its discussion of the issue before it by stating that its "caselaw . . . all but resolves this case." *Descamps*, 133 S. Ct. at 2283; *see United States v. Trent*, 767 F.3d 1046, 1055 (10th Cir. 2014) (the *Descamps* Court "did not . . . suggest in any way that it was retreating from its application of [the modified categorical] approach in previous cases").

No reasonable jurist could conclude either that the district court erred in denying Defendant's § 2255 motion or that Defendant should be allowed to proceed further. *See Slack*, 529 U.S. at 484.

3

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge