FILED
United States Court of Appeals
Tenth Circuit

January 8, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

CHRISTOPHER JOHN HOPSON,

      Defendant–Appellant.

No. 14-2150
(D.C. Nos. 1:14-CV-00565-JAP-RHS &
1:03-CR-00677-JAP-1)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Christopher Hopson, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255

motion. We deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hopson is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

# I

In 2003, Hopson was convicted of armed bank robbery and brandishing a firearm. We affirmed his conviction. See United States v. Hopson, 105 F. App'x 968, 972 (10th Cir. 2004) (unpublished). Hopson's conviction became final when the time to file a petition for certiorari expired. See Sup. Ct. R. 13(1); Clay v. United States, 537 U.S. 522, 525 (2003).

# II

## A

Prisoners generally must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). Hopson admits that he did not do so, but argues that his motion is nonetheless timely because it was filed within one year of the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013). He contends that the dates these opinions were issued restarted his filing clock as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). We agree with the district court that neither Supreme Court decision restarts the clock, and that Hopson's motion is therefore untimely.

Alleyne was not made retroactively applicable. In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013). And Descamps did not recognize a new right, but rather applied

existing doctrine.  A "case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.  To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis and citations omitted).  In Descamps, the Supreme Court explained that it was not announcing a new rule.  See 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); id. at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.").  Courts nationwide have reached this conclusion. See, e.g., United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014) (reasoning that "[t]he Supreme Court in Descamps explained that it was not announcing a new rule"); Simpson v. United States, No. 4:14CV01119 ERW, 2014 WL 5025828, at *4 (E.D. Mo. Oct. 8, 2014) (collecting cases).[2]

**B**

Equitable tolling is available if a movant shows that she has diligently pursued her rights and an extraordinary circumstance prevented timely filing.  United States v.

---

[2] Our unpublished opinions have done likewise.  See United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); Glover v. Fox, 550 F. App'x 592, 593-94, 595-96 (10th Cir. 2013) (unpublished) (quoting with approval district court's conclusion that Descamps did not announce a new rule).

Gabaldon, 522 F.3d 1121, 1124, 1127 (10th Cir. 2008) (holding that equitable tolling was available to a prisoner whose draft motion and all other legal materials were confiscated by prison staff). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). In support of his equitable tolling argument, Hopson proffers a Fourth Circuit opinion—which was reversed en banc during the pendency of this appeal—and a Seventh Circuit dissent. Both suggest that equitable tolling should be available to prisoners whose habeas petitions would previously have been futile based on existing precedent. See Whiteside v. United States, 748 F.3d 541, 544 (4th Cir. 2014), rev'd en banc, No. 13-7152, 2014 WL 7245453 (4th Cir. Dec. 19, 2014); Hawkins v. United States, 724 F.3d 915, 919-25 (7th Cir. 2013) (Rovner, J., dissenting). Hopson's authorities are not binding precedent, and we find their reasoning inapplicable to his situation in any case. Hopson grounds his arguments for equitable tolling in the same Supreme Court decisions, Alleyne and Descamps, that failed to restart his filing clock. These decisions do not constitute an extraordinary circumstance that merits equitable tolling.[3]

---

[3] Cf. United States v. Tenderholt, No. 14-8051, 2014 WL 7146025, at *2 (10th Cir. Dec. 16, 2014) (unpublished) (rejecting equitable tolling argument premised on

Continued . . .

**III**

Because reasonable jurists could not debate the district court's conclusion that Hopson's motion was untimely, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

Descamps); Clark v. Bruce, 159 F. App'x 853, 856 (10th Cir. 2005) (unpublished) (rejecting equitable tolling argument where Supreme Court decisions at issue were not made retroactively applicable).