FILED
United States Court of Appeals
Tenth Circuit

December 21, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JOHN HOPSON,

Defendant - Appellant.

No. 17-2018
(D.C. Nos. 2:16-CV-00719-JAP-KBM &
1:03-CR-00677-JAP-1)
(D. N.M.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

---

Christopher John Hopson seeks a certificate of appealability (COA) to

challenge the dismissal of his authorized second or successive 28 U.S.C. § 2255

motion. Hopson argues that the new rule stated by *Johnson v. United States*,

135 S. Ct. 2551 (2015)—invalidating the residual clause of the Armed Career

Criminal Act's (ACCA) definition of a "violent felony"—also invalidated the career

offender guideline applied at his sentencing under the mandatory Sentencing

Guidelines. The district court ruled that Hopson's sentence was enhanced based on a

---

* This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

valid enumerated offense—not the residual clause—and dismissed Hopson's § 2255 motion. The district court denied COA, as do we.

## I. Background

Hopson was convicted in 2003 of armed bank robbery and brandishing a firearm during and in relation to a crime of violence. The presentence report (PSR) used the 2000 Sentencing Guidelines Manual and recommended Hopson's sentence be enhanced based on his status as a career offender. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2000). Section 4B1.1 applied to adult defendants convicted of a crime of violence or a controlled substance offense who had "at least two prior felony convictions of . . . a crime of violence . . . ." A "crime of violence" was defined as a federal or state felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) is one of the four offenses enumerated in the guideline, including "burglary of a dwelling" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). USSG § 4B1.2(a)(1)-(2).

Hopson had prior New Mexico state convictions for armed robbery and residential burglary, which the PSR concluded both qualified as crimes of violence under USSG § 4B1.2(a). Hopson did not object to this or any recommendation in the PSR. Supp. R., Vol. II at 1. He was sentenced to 346 months' imprisonment.

Hopson challenged the sufficiency of the evidence supporting his conviction on direct appeal, but did not challenge any aspect of his sentence. *United States v. Hopson*, 105 F. App'x 968, 972 (10th Cir. 2004) (affirming conviction). In 2014, Hopson filed a § 2255 motion claiming his conviction for brandishing a firearm was unconstitutional, but did not challenge his career-offender sentence enhancement. That § 2255 motion was dismissed as untimely. *United States v. Hopson*, 589 F. App'x 417, 418-19 (10th Cir. 2015) (affirming dismissal).

In 2015, the Supreme Court decided *Johnson*, holding that the ACCA's residual-clause definition of crime of violence was unconstitutionally vague. 135 S. Ct. at 2563. We then held that § 4B1.2(a)(2) was also unconstitutionally vague under *Johnson*. *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), *overruled as to advisory Guidelines by Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The Supreme Court made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Within a year of the *Johnson* decision, Hopson sought authorization to file a second § 2255 motion, which we granted. *In re Hopson*, No. 16-2175 (10th Cir. Aug. 23, 2016) (unpublished order). In the authorized motion, he argued his New Mexico burglary conviction could only have been a crime of violence under the residual clause of § 4B1.2(a) and thus, his sentence was unconstitutional under *Johnson* because § 4B1.2(a)'s residual clause is worded the same as the ACCA residual clause. He challenged only the use of his residential burglary conviction to

enhance his sentence; he did not argue his New Mexico armed robbery conviction failed to qualify as a "crime of violence."[1] The district court rejected Hopson's assertion he was sentenced under § 4B1.2(a)'s residual clause, ruling he was properly classified as a career offender under the enumerated-offenses clause for "burglary of a dwelling." Relief under *Johnson* is available only if the unconstitutionally vague residual clause definition was used to categorize a prior conviction as a crime of violence; convictions under the enumerated clause are not affected by *Johnson*. *See United States v. Pam*, 867 F.3d 1191, 1203 (10th Cir. 2017). The district court dismissed Hopson's § 2255 motion and denied COA.

After that dismissal, the Supreme Court decided *Beckles*, holding *Johnson* does not apply to advisory Sentencing Guideline enhancements. 137 S. Ct. at 890. In his application for COA, Hopson argues *Beckles* does not preclude his claim because he was sentenced in 2003, when the Sentencing Guidelines were considered mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding the Guidelines are advisory only). Whether *Johnson* applies to pre-*Booker* guideline sentences is an open question, *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring); *see also United States v. Miller*, 868 F.3d 1182, 1186-87 (10th Cir.

---

[1] Hopson argues for the first time in his COA application that his prior New Mexico armed robbery conviction is not a crime of violence. As he did not raise this argument in his § 2255 motion, we will not consider it. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (declining to "deviate from the general rule that we do not address arguments presented for the first time on appeal" (internal quotation marks omitted)).

2017) ("Whether the mandatory Guidelines are amenable to vagueness challenges is an issue of first impression in our circuit, and one that is sure to recur in light of *Johnson* and *Beckles*.").

## II. Discussion

A prisoner challenging a denial of a § 2255 motion must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

The district court ruled that Hopson's sentence enhancement was not unconstitutionally vague because his residential burglary conviction fit the generic definition of a "burglary of a dwelling" under the valid enumerated-offenses clause of § 4B1.2(a)(2). An offense constitutes "burglary" under the enumerated clause if it has the basic elements of a "generic" burglary, that is, any "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). To determine whether an offense constitutes generic burglary, *Taylor* held that a court should generally use a

- 5 -

categorical approach, "look[ing] only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. If the underlying statute of conviction "sweeps more broadly than the generic crime," the prior conviction cannot qualify as a predicate offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). But if a statute is "divisible," that is, if it defines multiple crimes by listing alternative elements, courts may use a "modified categorical approach" to determine which of the multiple alternative elements listed in the statute applied to convict the defendant. *Pam*, 867 F.3d at 1203-04. Under the modified categorical approach, a sentencing court looks to the record of conviction to determine what crime, with what elements, a defendant was convicted of, and then compares the elements of that crime, as the categorical approach commands, with the elements of the relevant generic offense. *Id.* at 1204.

Hopson was convicted of residential burglary in violation of N.M. Stat. Ann. § 30-16-3, which provides:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

*Id*.

The district court employed the modified categorical approach, concluding § 30-16-3 was too broad as a whole to use the categorical approach, but that it was divisible into subsections A and B, which separate the alternative elements of two separate crimes: Subsection A, residential burglary, and Subsection B, burglary of a "vehicle, watercraft, aircraft or other structure, movable or immovable." *Id*. Further, the subsections carry different penalties—Subsection A, burglary of a "dwelling house," is a third degree felony, and Subsection B is a fourth degree felony. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) (holding that statutory alternatives carrying different penalties "must be elements").

As the district court found, Hopson was indicted for "enter[ing] [a] dwelling house, R., Vol. I at 16, and he pleaded guilty to "residential burglary, a third degree felony," *id.* at 20 (capitalization omitted). At sentencing, he admitted that the PSR descriptions of his prior convictions were accurate, including that, as to his residential burglary conviction, he had "entered the residence of Thomas and Barbara Bruce located at 2315 Calle De Rafael N.E." without authorization, with intent to commit . . . theft and armed himself with a deadly weapon." Supp. R., Vol. I at 11 and Vol. III at 4. Thus, his residential burglary conviction fits the generic definition of "burglary of a dwelling" under the enumerated-offenses clause of § 4B1.2(a).

Hopson argues in his COA application that he has established a *Johnson* error because it is not clear from the record which § 4B1.2 clause the sentencing court relied upon. We recently held, however, that even when the sentencing record is

unclear, we may conduct a record and legal review to determine that the sentencing court did not rely upon the residual clause. *United States v. Snyder*, 871 F.3d 1122, 1128-29 (10th Cir. 2017) (reviewing the historical record and legal environment at sentencing to affirm district court's determination that the defendant was sentenced under the enumerated-offenses clause, not the residual clause). Here, as in *Snyder*, under the legal environment at the time Hopson was sentenced, it was clear under *Taylor* that his residential burglary conviction fit within the enumerated-offenses clause. *See id*. at 1129. And, as noted above, the record supports the district court's finding that *Hopson* was sentenced under the enumerated-offenses clause.

Hopson also argues that New Mexico's residential burglary statute is broader than the generic definition of a burglary because it can include burglaries of movable structures, such as vehicles or boats, and it can include burglaries of curtilage buildings, neither of which are included in the generic definition of a burglary. Hopson could have raised these arguments under *Taylor* at sentencing or direct appeal, but did not, thereby waiving them. *Taylor* articulated the generic definition of burglary and established the categorical and modified approach, and was decided in 1990, well before Hopson was sentenced.

In light of the sentencing record and the relevant legal background, no reasonable jurist would disagree with the district court that Hopson's sentence was enhanced based on § 4B1.2(a)(2)'s enumerated-offenses clause, not the residual clause. We deny Hopson's request for COA and dismiss this matter.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge